UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PATENT GROUP, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>HULU, LLC,<br><br>        Defendant. | Case No. 2:12-cv-00019-JRG<br><br>**JURY TRIAL DEMANDED** |

## ANSWER OF HULU, LLC TO COMPLAINT

Defendant Hulu, LLC ("Hulu") hereby Answers Plaintiff's Complaint. Unless specifically admitted, Hulu denies each allegation made by Plaintiff.

## NATURE OF THE SUIT

1. Hulu admits that Plaintiff's present action purports to be a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but Hulu denies that Plaintiff has any viable claim thereunder.

## THE PARTIES

2. Hulu lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 of the Complaint, and therefore denies them.

3. Hulu admits that it is a Delaware limited liability company that maintains its principal place of business at 12312 W. Olympic Blvd., Los Angeles, CA 90064. Hulu admits that at the time of service of the Complaint it could be served with process through its Registered Agent, Corporation Service Company, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA.

## JURISDICTION AND VENUE

4. Hulu admits that Plaintiff's present action purports to arise under the patent laws of the United States, Title 35 of the United States Code, but Hulu denies that Plaintiff has any viable claim thereunder. Hulu admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies the legal sufficiency of Plaintiff's claims and allegations. Hulu admits that, for the purposes of this action, this Court has personal jurisdiction over Hulu. Hulu denies the remaining allegations of paragraph 4 of the Complaint.

5. Hulu admits that, for the purposes of this action, this action may proceed in the present venue pursuant to 28 U.S.C. §§ 1391 and 1400(b), without waiver of, or prejudice to, any future motion to transfer this action, including pursuant to 28 U.S.C. 1404(a). Hulu denies that

the present venue is convenient for the parties or witnesses to this action. Hulu admits that, for the purposes of this action, this Court has personal jurisdiction over Hulu. Hulu lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that the owner of the patent resides in the Eastern District of Texas, and therefore denies that allegation. Hulu denies the remaining allegations of paragraph 5 of the Complaint.

### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,603,490

6. Hulu admits that the face of U.S. Patent No. 6,603,490 B1 (the "'490 patent") indicates that it is entitled "Web Site Screen Rotation" and that it issued on Aug. 5, 2003. Hulu denies that the '490 patent was duly and legally issued. Hulu admits that a purported copy of the '490 patent is attached as Exhibit A to the Complaint. Hulu lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 6 of the Complaint, and therefore denies them.

7. Hulu denies the allegations of paragraph 7 of the Complaint.

8. Hulu denies the allegations of paragraph 8 of the Complaint.

9. Hulu denies the allegations of paragraph 9 of the Complaint.

### DAMAGES

10. Hulu incorporates by reference its responses to paragraphs 1-9 of the Complaint as if fully repeated and restated herein. Hulu denies the remaining allegations of paragraph 10 of the Complaint.

11. Hulu admits that Plaintiff seeks to reserve the right to request a finding of willful infringement at time of trial, but denies that Plaintiff has any viable claim for willful infringement.

12. Hulu denies the allegations of paragraph 12 of the Complaint, and further denies that Plaintiff is entitled to injunctive relief.

13. Hulu denies that Plaintiff is entitled to a finding that this case is exceptional, and further denies that Plaintiff should be awarded its attorneys' fees and expenses.

## VICARIOUS LIABILITY

14. Hulu incorporates by reference its responses to paragraphs 1-13 of the Complaint as if fully repeated and restated herein. Hulu denies the remaining allegations of paragraph 14 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Hulu denies that Plaintiff is entitled to any of the relief sought in Plaintiff's Prayer for Relief, and to the extent that the Prayer for Relief contains any factual allegations, Hulu denies those allegations.

## DEMAND FOR JURY TRIAL

Hulu admits that Plaintiff demands a jury trial. Hulu also demands a jury trial pursuant to Fed. R. Civ. P. 38.

## GENERAL DENIAL

To the extent not expressly admitted above, Hulu denies the factual allegations contained in the Complaint.

## HULU'S DEFENSES

## FIRST DEFENSE

### (NON-INFRINGEMENT)

1. Hulu has not infringed, and is not infringing, either literally or under the doctrine of equivalents, any valid claim of the '490 patent.

## SECOND DEFENSE

### (PATENT INVALIDITY AND UNENFORCEABILITY)

2. Upon information and belief, the '490 patent is invalid and unenforceable for failing to satisfy the conditions of patentability set forth in the U.S. patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD DEFENSE

### (ESTOPPEL)

3. Plaintiff's claims are barred in whole or in part by the equitable doctrine of estoppel, including, but not limited to, the doctrine of prosecution history estoppel. Upon information and belief, by reason of proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that resulted in the '490 patent, as is shown by its file history, and by reason of amendment, cancellation, or abandonment of claims, and the admissions and other statements made therein by or on behalf of the patentee(s), Plaintiff is estopped from claiming a construction of the '490 patent that would cause any valid claim to cover or include any method or system made, used, offered for sale, sold, or imported by Hulu.

## FOURTH DEFENSE

### (FAILURE TO STATE A CLAIM)

4. Upon information and belief, the Complaint fails to state facts upon which a claim for relief can be granted against Hulu.

## FIFTH DEFENSE

### (LACHES)

5. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## SIXTH DEFENSE

## (DAMAGES LIMITATIONS)

6. Upon information and belief, to the extent Plaintiff may be entitled to damages, any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. §§ 286 and by 287 to those damages occurring only after notice of infringement.

## SEVENTH DEFENSE

## (FAILURE TO MITIGATE DAMAGES)

7. Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to mitigate damages, if any.

## EIGHTH DEFENSE

## (UNCLEAN HANDS)

8. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## NINTH DEFENSE

## (DISCLAIMER)

9. The claims for relief are barred, in whole or in part, by the doctrine of disclaimer.

## TENTH DEFENSE

## (ENSNAREMENT)

10. Plaintiff's enforcement of the '490 Patent against Hulu is barred by the doctrine of ensnarement. Plaintiff is foreclosed from asserting infringement under the doctrine of equivalents to the extent the scope of such equivalent would render the claim invalid for failure to satisfy one or more of the conditions of patentability as set forth in 35 U.S.C §§ 102 and/or 103.

4833-6609-2815.1

## ELEVENTH DEFENSE

### (NO INJUNCTIVE RELIEF)

11. To the extent that Plaintiff seeks injunctive relief for alleged infringement, the relief sought by Plaintiff is unavailable because any alleged injury to Plaintiff is not immediate or irreparable and because Plaintiff has an adequate remedy at law for any alleged injury.

## TWELFTH DEFENSE

### (NO ATTORNEYS' FEES OR COSTS)

12. On information and belief, Hulu has not engaged in any conduct that entitles Plaintiff to attorneys' fees or costs.

## PRAYER FOR RELIEF

Wherefore, in view of the foregoing Answer, Hulu prays that the Court enter judgment in its favor and against Plaintiff as follows:

A. That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing by its Complaint.

B. That the Court find that Hulu has not and does not infringe the '490 patent directly or indirectly, literally or under the doctrine of equivalents.

C. That the Court find that the claims of the '490 patent are invalid.

D. That Plaintiff be required to pay Hulu's attorneys' fees and expenses pursuant to 35 U.S.C. § 285.

E. That Plaintiff be required to pay Hulu's costs.

F. That Hulu be awarded such other and further relief as the Court deems just and reasonable.

4833-6609-2815.1

## DEMAND FOR JURY TRIAL

Hulu demands a trial by jury pursuant to Fed. R. Civ. P. 38 on all issues triable of right by a jury that are raised by Plaintiff's Complaint and Hulu's Answer.

Dated: April 11, 2012

Respectfully submitted,

/s/ Victor de Gyarfas
Victor de Gyarfas (Texas Bar No. 24071250)
e-mail: vdegyarfas@foley.com
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Phone: 213-972-4500
Fax: 213-486-0065

Attorneys for Defendant Hulu, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that the ANSWER OF HULU, LLC TO COMPLAINT was filed electronically on April 11, 2012, in compliance with Local Rule CV-5. As such, this document was served on all counsel who have consented to electronic service.

    /s/   Victor de Gyarfas